UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAMADOU DIALLO,<br><br>            Petitioner,<br><br>   v.<br><br>A. NEIL CLARK,<br><br>            Respondent. | CASE NO.  C07-1613-MJP-JPD<br><br>REPORT AND RECOMMENDATION |

I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Mamadou Diallo, proceeding pro se, has filed a "Petition for Bail Hearing Pursuant to Kim v. Zigler," challenging the lawfulness of his detention by the U.S. Immigration and Customs Enforcement ("ICE").  (Dkt. 5).  Respondents have filed a Return Memorandum and Motion to Dismiss, arguing that petitioner is lawfully detained pursuant to the Attorney General's discretion.  (Dkt. 10).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 5) be DENIED and respondent's motion to dismiss (Dkt. 10) be GRANTED.

II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of the Congo who entered the United States on

REPORT AND RECOMMENDATION
PAGE – 1

December 29, 1995, as a B-1 visitor with authorization to remain in the United States for a temporary period not to exceed January 22, 1996. (Dkt. 12 at L106, L199). On September 12, 1997, the former Immigration and Naturalization Service[1] ("INS") issued a Notice to Appear, placing petitioner in deportation proceedings and charging petitioner with being deportable under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), for remaining in the United States longer than permitted. (Dkt. 12 at L226-27). On July 29, 1998, petitioner failed to appear at a hearing before an Immigration Judge ("IJ") in New York, and was ordered removed from the United States to the Congo *in absentia*. (Dkt. 12 at L173).

On February 17, 2000, petitioner, proceeding through counsel, filed a motion to reopen his immigration proceedings in order to file an application for asylum. The IJ granted petitioner's motion to reopen the immigration proceedings on March 15, 2000. (Dkt. 12 at L247). On May 8, 2003, following a hearing, the IJ denied petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to the Congo. (Dkt. 12 at L357). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), who affirmed the IJ's decision, without opinion, on June 30, 2004. (Dkt. 12 at L341). Accordingly, petitioner's order of removal became administratively final on June 30, 2004. *See* INA § 101(47)(B)(I), 8 U.S.C. § 1101(47)(B)(I).

On January 9, 2007, petitioner was arrested by the ICE Seattle Fugitive Operations Unit for removal to the Congo. (Dkt. 12 at L173-74). On February 7, 2007, petitioner filed a Petition for Writ of Habeas Corpus along with an emergency motion for stay of deportation in

---

[1] Effective March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. § § 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security.

REPORT AND RECOMMENDATION
PAGE – 2

this Court, arguing that he should not be removed from the United States because he is eligible for asylum and wished to file a motion to reopen. *See Diallo v. U.S. Immig. and Customs Enforcement*, Case No. 07-125-TSZ, Dkts. 5 and 6 (W.D. Wash. 2007). On March 6, 2007, the Honorable Monica J. Benton issued a Report and Recommendation, recommending that petitioner's emergency motion for stay of removal be denied. *Id.* at Dkt. 13.

On March 15, 2007, petitioner filed a Petition for Review and a motion for stay of removal with the Ninth Circuit Court of Appeals. *See Diallo v. Gonzales*, No. 07-71011 (9th Cir. 2007). Pursuant to Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay of removal to automatically issue. *Id.* On March 16, 2007, petitioner, proceeding through counsel, also filed a Motion to Reopen his removal proceedings and a motion for stay of removal with the BIA. (Dkt. 12 at L361).

On or about May 15, 2007, while petitioner's Petition for Review and Motion to Reopen were pending, ICE conducted a review of petitioner's custody status. (Dkt. 12 at R162-70). The ICE reviewing officer concluded that petitioner "appears to be a flight risk at this time, in that he would probably not appear for removal if his Ninth Circuit Court of Appeals Petition was dismissed" and recommended "that [petitioner] remain detained until a decision is made on his case by the US Court of Appeals for the Ninth Circuit." (Dkt. 12 at R163). ICE Field Office Director A. Neil Clark adopted the recommendation and issued a letter notifying petitioner "you shall continue to be detained in the custody of ICE pending the result of your appeal before the Ninth Circuit Court of Appeals." (Dkt. 12 at R171-72). On May 23, 2007, the Ninth Circuit granted petitioner's motion for voluntary dismissal, terminating the case. *See Diallo*, No. 07-71011 (9th Cir. 2007).

REPORT AND RECOMMENDATION
PAGE – 3

On August 3, 3007, the BIA issued a decision denying petitioner's Motion to Reopen as untimely, and denying petitioner's request for stay of removal as moot. (Dkt. 12 at L361). On August 10, 2007, petitioner filed another Petition for Review and motion for stay of removal with the Ninth Circuit. *See Diallo v. Gonzales*, No. 07-73156 (9th Cir. 2007). Under Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay of removal to automatically issue. The Ninth Circuit subsequently determined that petitioner had filed the Petition for Review in the wrong venue because the Immigration Judge had completed removal proceedings in New York, and transferred the Petition for Review to the Court of Appeals for the Second Circuit on November 21, 2007. *Id.* The Ninth Circuit ordered that the temporary stay of removal remain in effect until the Second Circuit addresses the pending motions. *Id.*

On October 5, 2007, petitioner filed the instant habeas petition, challenging his continued detention. (Dkt. 5). Respondent has filed a Return Memorandum and Motion to Dismiss. (Dkt. 10). Petitioner did not file a response. The habeas petition and motion to dismiss are now ready for review.

### III. DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241. The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1). Section 241(a)(1)(B) provides that:

The <u>removal period</u> begins on the <u>latest</u> of the following:

(i) The date the order of removal becomes administratively final.

REPORT AND RECOMMENDATION
PAGE – 4

> (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added).  Thus, pursuant to Section 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under Section 236 until the court renders its decision.  *See Ma v. Ashcroft,* 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) (stating, "[i]f the removal order is stayed pending judicial review, the ninety day period begins running after the reviewing court's final order."); *see also Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir. 2005) (ordering a bail hearing where the alien had been detained pending appeal for two years and eight months under INA § 236(c)); *Bromfield v. Mukasey*, Case No. 08-09-JLR-JPD (Dkt. #17, Part 1) (*Bromfield v. Mukasey*, No. 07-72319, slip op. (9th Cir. Dec. 26, 2007) ("[T]his is a pre-removal case, given that petitioner requested judicial review of the removal order . . . and this court granted a stay of removal in that still pending petition for review.  *See* 8 U.S.C. § 1231(a)(1)(B)(ii).")).  Here, the Ninth Circuit issued a stay of removal before transferring petitioner's petition for review to the Second Circuit, and that petition for review and stay of removal remain pending.  Accordingly, the removal period has not yet commenced, and petitioner is detained pursuant to INA § 236(a).  *See Bromfield,* No. 07-72319, slip op. (9th Cir. Dec. 26, 2007).

Section 236(a) of the INA grants the Attorney General discretion to determine whether an alien should be detained, released on bond, or released on conditional parole upon a finding of flight risk and danger to the community.  Section 236(a) provides as follows:

> On a Warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the

REPORT AND RECOMMENDATION
PAGE – 5

> United States, Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on –
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole . . .

8 U.S.C. § 1226(a). Factors considered include: (1) the nature and number of disciplinary infractions received while incarcerated or detained; (2) the nature and severity of the alien's convictions, sentences imposed, parole history, recidivism, and other criminal history; (3) psychiatric and psychological reports; (4) evidence of rehabilitation; (5) ties to the United States; (6) prior immigration violations; (7) flight risk, including history of escapes and failures to appear; (8) other information that is probative of whether the alien is likely to endanger the community or violate his or her release conditions. *See* 8 C.F.R. § 241.4(f); *see also Middleton v. Clark*, No. C06-1324RSM, *3 (W.D. Wash. 2007); *Prieto-Romero v. Clark*, No C06-786L, *2 (W.D. Wash. 2007).

Petitioner contends that his continued detention without bond violates the Due Process Clause of the United States Constitution, and that he is entitled to a bond hearing before an Immigration Judge. (Dkt. 5). Specifically, petitioner claims that his detention without a bond hearing is unconstitutional under *Kim v. Zigler*, 276 F.3d 523 (9th Cir. 2002), *rev'd sub nom. Demore v. Kim*, 538 U.S. 510, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003).

In *Kim v. Ziglar*, the Ninth Circuit addressed whether an alien could be detained in no-bail civil detention under INA § 236(c). The Ninth Circuit found that the mandatory detention of lawful permanent residents under INA § 236(c) violated due process. *Id.* The United States Supreme Court, however, subsequently overruled *Kim v. Ziglar*, holding that mandatory

REPORT AND RECOMMENDATION
PAGE – 6

detention for the brief period necessary for removal proceedings, without providing an individualized determination as to whether the alien presents a flight risk, does not violate due process. *Demore* at 528. Accordingly, *Kim v. Ziglar* does not support petitioner's claim.

Petitioner also contends that his detention is indefinite and unlawfully lengthy under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), and *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), and that he must be released because there is no significant likelihood that he will be removed in the reasonably foreseeable future.

In *Zadvydas*, the Supreme Court considered whether INA § 241(a)(6) authorizes the government "to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." *Zadvydas,* 533 U.S. at 682. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id.* at 690-91. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id.* at 689-697. The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The Supreme Court further held that detention remains presumptively valid for a period of six months. *Id.* at 701. After this six-month period, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

As noted, *Zadvydas* addressed the length of time beyond the removal period that an alien may be held in detention. Here, however, petitioner is being detained pursuant to a different statute, INA § 236(a), because his removal order is not yet final. *See* INA § 241(a)(1)(B) ("The

REPORT AND RECOMMENDATION
PAGE – 7

removal period begins on the latest of the following: . . . (i) The date the order of removal becomes administratively final."). Accordingly, petitioner does not face indefinite detention, and the holding of *Zadvydas*, with respect to the length of time an alien may be held in detention, does not apply to petitioner's case at this time. *See Demore*, 538 U.S. at 527-28 (noting that *Zadvydas* construed a statute permitting detention following final orders, INA § 241, not detention during determination of removability, INA § 236).

The reasons for petitioner's detention in this case also differ significantly from those in *Tijani*. In *Tijani*, the petitioner, detained pursuant to INA § 236(c), sought by habeas proceedings to compel a bond hearing. *Tijani*, 430 F.3d at 1242. At the time of the Ninth Circuit's decision, Tijani had been detained for two years and eight months pending removal proceedings. *Tijani*, 430 F.3d at 1246 (Tashima, J., concurring) (noting that Tijani's detention during his administrative proceedings lasted twenty months, with one year of continued detention during judicial appeal).

In a brief (three paragraph) opinion, the Ninth Circuit stated that "it is constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal." *Tijani*, 430 F.3d at 1242. Nevertheless, to avoid deciding the constitutional issue, the court construed § 236(c) as applying only in "expedited" removal proceedings. *Id.* The Ninth Circuit concluded that "[t]wo years and eight months of process is not expeditious," and ordered an Immigration Judge to release the petitioner "unless the government establishes that he is a flight risk or will be a danger to the community." *Id.*

Here, however, unlike *Tijani* whose twenty month administrative process was clearly unreasonable, petitioner was not detained during his administrative proceedings. Rather, ICE did not detain petitioner until January 9, 2007, in order to execute his final order of removal,

REPORT AND RECOMMENDATION
PAGE – 8

two and one-half years after the completion of his removal proceedings. The duration of petitioner's detention has been during the normal temporal period associated with judicial review, and there is nothing to suggest that the Government has caused any unreasonable delay. Rather, petitioner's multiple Petitions for Review and motions to reopen, many of which are duplicative of one another, have resulted in prolonging his detention. Petitioner cannot convincingly argue that his detention is indefinite or unlawfully lengthy where petitioner himself has prevented his removal. Accordingly, petitioner's habeas petition should be denied as his current detention is lawful and authorized by statute.

## IV.  CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 29th day of February, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge